NATIONAL HERITAGE LIFE
INSURANCE COMPANY,
Relator,

v.

The Honorable Carroll E. WILBORN, Jr.,
Judge of the 344th District Court of
Chambers County, Texas, Respondent.

No. 01–95–01281–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 25, 1996.

Jeffrey A. Ford, Dallas, for appellant.

Richard Guy Baker, Real Parties in Interest, Liberty, for appellee.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

TAFT, Justice.

Relator, National Heritage Life Insurance Company, asks this Court to direct respondent, Judge Carroll E. Wilborn, Jr., to vacate his order requiring it to post security pursuant to Tex.Ins.Code Ann. art. 1.36, § 11(a) (Vernon Supp.1995).

On May 25, 1994, a Delaware court signed a "rehabilitation and injunction order" that authorized the Commissioner of Insurance of the State of Delaware to conduct the business of the relator and "take such actions as the nature of this cause and the interest of the policyholders, creditors and stockholders of National Heritage and the public may require." The order also enjoined any person having notice of the proceedings "from instituting or further prosecuting any action at law or in equity or in other proceedings against National Heritage...."

On June 13, 1994, the Commissioner of Insurance for the State of Texas issued an order that found that relator was in "hazardous financial condition" and required that relator "cease writing any new Texas business; provided, however, that it continues to service existing Texas business according to applicable statutory and regulatory procedures and requirements." Catherine S. Mulholland, Director of Company Regulation for the Delaware Insurance Department, signed and consented to the order for relator.

On December 8, 1994, the real party in interest, Lenoir Burch, filed suit against relator. Burch asserted various causes of action arising from the alleged theft of her annuities by one of relator's agents. Burch filed a motion to require relator to file a bond securing the amount of a potential judgment. She asserted that because relator was prohibited from writing new insurance coverage, it is an unauthorized insurer, and, under article 1.36, section 11(a), is required to post security sufficient to secure the payment of any final judgment. The trial court granted the motion and ordered relator to post security in the amount of $700,000.

In its petition, the relator contends that the respondent abused its discretion in ordering the security posted because relator is not an unauthorized insurer. The relator asserts that at the time it sold the annuities to Burch, it had a certificate of authority to conduct its insurance business from the Texas insurance commissioner. Relator further states that the commissioner has not revoked its certificate of authority.

 A writ of mandamus will issue to correct a clear abuse of discretion when the relator has no adequate remedy at law. *Mid–American Indemnity Ins. Co. v. King,* 38 Tex.Sup.Ct.J. 1018, 1020, —— S.W.2d —— [1995 WL 407388] (July 7, 1995). The application of a statute or rule involves a legal conclusion that is reviewed with only limited deference to the trial court. *Id; see Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Misinterpretation of a statute is a clear abuse of discretion. *King,* 38 Tex.Sup.Ct.J. at 1020, —— S.W.2d at ——; *see Walker,* 827 S.W.2d at 840.

The relevant portion of article 1.36, section 11(a) provides:

(a) Before an unauthorized person or insurer files or has filed any pleading in any court action, suit ... that person or insured must either:

(1) deposit with the clerk of the court in which the action, suit, or proceeding is pending cash or securities or a bond with good and sufficient sureties to be approved by the court in an amount to be determined by the court sufficient to secure the payment of any final judgment that may be rendered in that court proceeding....

Article 1.36 contains no definition of "unauthorized person or insurer." "Authorized person" and "unauthorized person" are defined under Tex.Ins.Code Ann. art. 1.10A, § 1 (Vernon Supp.1995), but the definitions are limited to article 1.10A.

 The Supreme Court of Texas determined the meaning of "unauthorized person or insurer" under article 1.36, section 11 in *Mid–American Insurance Company v. King.* The court had to determine whether the relator, an unauthorized insurer, was an "eligible surplus lines insurer" that was not required to file security under an exception contained in article 1.36, section 11(d). In its analysis, the court stated:

[T]he dissenting opinion also asserts that the exception in section 11(d) cannot be limited to presently-eligible surplus lines insurers because the same exception also appears in sections 7 and 8 of article 1.36. Those sections, *like section 11,* apply to "unauthorized persons or insurers." ... *The relevant legislative history makes plain that the term "unauthorized" refers to insurers who are unlicensed....*

38 Tex.Sup.Ct.J. at 1021, —— S.W.2d at —— (emphasis added).

An insurance company incorporated in another state becomes licensed in Texas by fulfilling certain requirements so that the insurance commissioner will issue a certificate of authority to transact business. TEX. INS.CODE ANN. art. 3.24–1 (Vernon Supp. 1995).[1] No one disputes that relator had a certificate of authority when it sold the annuities and that the certificate has not been revoked. Thus, the relator is licensed, is not an unauthorized insurer, and article 1.36, section 11(a) does not require it to post security.

■■■ The relator does not have an adequate remedy by appeal. If relator posts the security, the propriety of the order becomes moot and not appealable. If the relator does not post the security, the respondent will strike or disregard its pleadings, and the parties will await a trial to determine damages. There is no adequate remedy by appeal when a trial court issues orders that have the effect of adjudicating a dispute, but are not immediately appealable. *King,* 38 Tex.Sup.Ct.J. at 1020, —— S.W.2d at ——.

We conditionally grant a writ of mandamus. We are confident the respondent will vacate the order requiring the relator to post security. The writ will issue only if the respondent does not vacate the order. The proceedings are no longer stayed.

1. We note that to receive a certificate of authority to transact business, a foreign insurer must make a deposit pursuant to article TEX.INS.CODE · ANN art. 3.23 (Vernon Supp.1995) which may be used to satisfy the judgments of policyholders. TEX.INS.CODE ANN. art. 3.24 (Vernon Supp.1995).